UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAMARIO KIMM FULLER, | ) | CASE NO. 4:11cv1821 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| J.T. SHARTLE, et al, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Lamario Kimm Fuller filed an *in forma pauperis* civil Complaint for Damages in the United States District Court for the Eastern District of Michigan in the summer of 2011. *Fuller v. Shartle*, No.2:11-cv-13606 (E.D. Mich. 2011). The court determined venue was improper and transferred the case to this Court. The matter is now ripe for disposition. Plaintiff, who is incarcerated at the Federal Corrections Institute in Elkton, Ohio (FCI Elkton), asserts this Court's jurisdiction pursuant to 28 U.S.C. §1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). He names FCI Elkton Warden J.T. Shartle, FCI Elkton Drug Program Coordinator A. Ward,[1] Drug Treatment Specialist Debra Yovichin, and John Does as Defendants. Plaintiff alleges Defendants conspired to violate his Eighth and Fourteenth Amendment rights when he was denied admission to the 500-hour Residential Drug Treatment Program ("RDAP") at FCI Elkton. He alleges he has

---

[1] Although Plaintiff later refers to the Defendant as "Mr. Ward," his signature stamp, as posted on Plaintiff's attached Request for Administrative Remedy, indicates he received a Doctor of Philosophy (Ph.D.) degree. Therefore, the Court will address him as "Dr. Ward."

suffered a loss of liberty, stress and mental anguish. He seeks immediate placement in a RDAP, as well as, $185,000.00 in compensatory damages and $2,500,000.00 in punitive damages.

## I. BACKGROUND

On June 2, 2009, Plaintiff was sentenced in the United States District Court for Eastern District of Michigan to serve 46 months in prison for violating 18 U.S.C. §1028 and 21 U.S.C. § 841(c)(1). *United States v. Fuller*, No. 08cr20370 (E.D. Mich. 2008). Before sentencing, he claims he failed to advise his probation officer, attorney or the judge that he was drinking heavily due to the stress of his case.

Less than a year after he was sentenced, Plaintiff claims he overcame his shame and embarrassment and was able to disclose he suffers from a substance abuse problem. His attorney then filed a Motion Requesting Judicial Recommendation for a Prison Drug Abuse Program in the sentencing court. District Court Judge John Corbett O'Meara granted Plaintiff's request on June 25, 2010. *Id.* (Doc. No. 32). The Order states, in relevant part: "The court recommends to the Bureau of Prisons that the defendant, Lamario Kimm Fuller, participate in the 500-hour Comprehensive Residential Drug Abuse Program." *Id.*

On July 26, 2010, Plaintiff filed an Inmate Request to Staff form at FCI Elkton, requesting admission to the RDAP. He attached a copy of the June 25, 2010 district court order. Case Manager Don Yeasted advised Plaintiff that his records would be changed to reflect the judge's recommendation. He also notified the prison's psychology staff of the change. The next day, Plaintiff submitted a request for placement on the waiting list for the 500-hour RDAP. The request was denied and Plaintiff initiated an administrative appeal. After

submitting his final appeal, he received a denial from National Inmate Administrator Harrell Watts on March 10, 2011.

The BOP's denial of Plaintiff's request focused on the lack of documentation to support a medical finding that he suffers from a substance abuse disorder. BOP Policy, as set forth in P.S. § 5330.11, requires a "verifiable substance abuse disorder within the twelve month period before the inmate's arrest on his . . . current offense." (Letter from Watts to Fuller of 3/10/11.) Mr. Watts noted further that Plaintiff's pre-sentence report did not reveal a "problematic use which is consistent with the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Health Disorders criteria." *Id.*

## II.    STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is **DISMISSED** pursuant to section 1915(e).

## III.    ANALYSIS

In *Bivens*, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. *Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *Id.*

*A. Respondeat Superior Liability*

The conspiracy claims against Warden Shartle appear to be based solely on his review of Dr. Ward's decision to deny Plaintiff's request to participate in the RDAP. In a *Bivens* suit, however, there is no respondeat superior liability. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). *Bivens* liability cannot attach simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *Id.* Thus, a bare allegation that someone in a supervisory authority violated a plaintiff's constitutional rights without any personal contact with the plaintiff is not sufficient to state a *Bivens* claim. *See Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 38 (8th Cir. 1995) (reasoning that "[t]he general responsibility of a warden for supervising the operation of a prison is not sufficient to establish personal liability.").

Thus, to the extent Plaintiff asserts Warden Shartle was deliberately indifferent to his needs by denying his administrative grievances, the claim is without merit because it does not allege the type of personal involvement required to state a *Bivens* claim.

*B. Due Process Violations*

Plaintiff alleges Defendants conspired to violate his constitutional rights when he was denied the opportunity to participate in a RDAP. Pursuant to 18 U.S.C. § 3621(b), the BOP is to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition." Under BOP regulations, to be eligible for RDAP, an inmate must have a verifiable, documented drug abuse problem that occurred within 12 months of his arrest. 28 C.F.R. § 550.53(b)(1) (explaining that "a verifiable substance abuse disorder" is a prerequisite to enrollment in RDAP); BOP Program Statement 5330.11 § 2.5.8(d)(2) (BOP

may verify an inmate's substance abuse disorder by consulting "[d]ocumentation to support a substance use disorder within the 12-month period before the inmate's arrest on his or her current offense"). Plaintiff asserts his exclusion from a RDAP is a violation of his right to due process because he has established he has a treatable condition–as evidenced by the trial court's order.

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law . . . ." U.S. CONST. AMEND. V. The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Due Process Clause, standing alone, confers no liberty interest in freedom from state action taken within the sentence imposed. *Sandin v. Conner*, 515 U.S. 472, 480 (1995). Contrary to Plaintiff's assertions, he has no liberty interest in participation in a RDAP. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (concluding that discretionary determinations regarding conditions of confinement do not create due process rights). Congress left the question of eligibility solely within the discretion of the BOP. *See* 18 U.S.C. § 3621(e)(5)(B)(I). Therefore, plaintiff cannot state a due process claim when he has not suffered a deprivation of a liberty interest.

In a similar vein, Plaintiff argues he has a statutory right to participate in a RDAP, as conferred by 18 U.S.C. § 3621. The argument is without merit. He cites no authority that entitles an inmate to bring a private right of action based on exclusion from a RDAP program. On the contrary, most circuits suggest a prisoner has no constitutional right to participate in a RDAP. *See Reeb v. Thomas*, 636 F.3d 1224, 1228 n. 4 (9th Cir. 2011);

*Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011); *Torres v. Chapman,* 359 Fed. Appx. 459 (5th Cir. 2009). Indeed, the nature and extent of substance abuse treatment that the BOP offers to a particular prisoner is a subject "*left to the discretion* of the Bureau of Prisons." *See Davis v. Beeler*, 966 F. Supp. 483, 489 (E.D. Ky. 1997) (judicial review of BOP discretion is limited only to constitutional claims and whether the agency's interpretation is contrary to well-settled law).

Even if the statute permitted an inmate to secure monetary damages based on the BOP's failure to offer "appropriate substance abuse treatment," Plaintiff has not alleged facts showing the BOP failed to offer him any substance abuse treatment. By his own admission, Plaintiff completed a forty-hour program while at FCI Elkton in September 2010.[2] Accordingly, the Plaintiff's claims based on his exclusion from an RDAP fail to state a cognizable claim.

C. *Deliberate Indifference to Serious Medical Needs*

Plaintiff's complaint fails to state a claim for relief under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 35-36 (1993); *Hunt v. Reynolds*, 974 F.2d 734, 735-36 (6th Cir. 1992). He alleges his Eighth Amendment rights were violated when he was not allowed to participate in a RDAP. He claims Dr. Ward and Debra Yovichin abused their discretion and treated him with deliberate indifference when they denied his request for enrollment in a RDAP. According to plaintiff, Dr. Ward's alleged failure to personally interview him and assess his request reflected a "deliberate indifference to Plaintiff's substance abuse needs." Further, both Defendants allegedly "rendered an erroneous opinion about the

---

[2] A copy of his Certificate of Completion of Drug Education is attached to the Complaint.

lack of written documentation contained within Plaintiff's central file." (Compl. at 5.)

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). The obligation stems from the inmate's absolute dependence on prison medical staff to provide essential medical service. *Id*. The duty to serve these medical needs does not extend to "every claim by a prisoner that he has not received adequate medical treatment." *Id.* at 105. A failure to provide adequate medical care violates the Eighth Amendment if the prisoner can also "show that the . . . defendants exhibited a deliberate indifference to his serious medical needs." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs*., 489 U.S. 189, 198-99 n. 5 (1989). It is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Estelle*, 429 U.S. at 104.

The deliberate indifference standard is very high. To be successful, a claim must contain both an objective component, that the prisoner's medical needs were sufficiently serious, *see Rhodes v. Chapman*, 452 U.S. 337 (1981) and a subjective component, that the defendants were deliberately indifferent to the prisoner's needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991). Unless medical needs were serious or life threatening and the defendant were deliberately and intentionally indifferent to those needs of which he was aware at the time, a claimant may not prevail. *Estelle*, 429 U.S. at 104; *Farmer v. Brennan*, 511 U.S. 825 (1994). A defendant acts recklessly by disregarding a substantial risk of danger either that is known to the defendant or which would be apparent to a reasonable person in the defendant's position. *See Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). Nevertheless, mere negligence or malpractice does not violate the eighth amendment. *See Estelle,* 429 U.S. at 106.

To bring a denial of medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id*.

Plaintiff has not alleged facts stating any actionable *Bivens* claim regarding his course of medical treatment against Defendants. Defendants offered Plaintiff non-residential, drug abuse treatment and, in fact, Plaintiff completed such a program. Therefore, he cannot argue the BOP refused to provide any drug treatment. There is no medical record stating Plaintiff has a drug and alcohol problem that warrants residential treatment. The trial court's order only "*recommends* . . . [Plaintiff] participate in the 500 hour Comprehensive Residential Drug Abuse Program." *Fulller*, No. 08cr20370, at Doc. No. 32 (emphasis added). The order is not a medical assessment. More importantly, it is solely within the authority of the BOP to select which prisoners will be best served by participation in drug rehabilitation programs.

Congress authorized the BOP to provide substance abuse treatment for those prisoners who, according to its determination, have a treatable condition of substance addiction or abuse. *See* 18 U.S.C.A. § 3621(b); *United States v. Jackson*, 70 F.3d 874, 877 (6th Cir. 1995). The manner is which these programs are executed is clearly within the sole discretion of the BOP. *Id.* While there is no statute or federal regulation that squarely addresses whether it is within the sentencing court's authority to order a defendant's participation in a drug rehabilitation program, a district court cannot structure the length of a defendant's sentence

based on his anticipated placement in a 500 Hour Drug Program. *See Tapia v. United States*, 131 S. Ct. 2382 (2011).[3]

Here, Plaintiff does not provide any medical support for his claim that he suffers from substance abuse. Moreover, it is apparent the trial court's order does not fulfill that role. Thus, there is simply no allegation in the Complaint that the Defendants were aware that Plaintiff required medical attention that was denied. Accordingly, Plaintiff's Eighth Amendment claims are without merit.

### D. Conspiracy Claims

The Sixth Circuit has defined a § 1983 civil conspiracy as follows:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the *644 conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985). Conspiracy claims must be pled with a degree of specificity. *Hamilton v. City of Romulus*, 409 Fed. Appx. 826, 835–36 (6th Cir. 2010) (citing *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003)). Vague and conclusory allegations unsupported by material facts are insufficient, although circumstantial evidence of an agreement among all conspirators may provide adequate proof. *Id*.

---

[3] As the Supreme Court explained:

> [A] court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs. To the contrary, a court properly may address a person who is about to begin a prison term about these important matters. And as noted earlier, a court may urge the BOP to place an offender in a prison treatment program.

*See Tapia*, 131 S. Ct. at 2392.

Plaintiff alleges the Defendants conspired to deprive him of his civil rights. He has failed, however, to provide specific evidence of a conspiracy, failed to make any specific allegations, and failed to show a connection between the actions of Defendants. Furthermore, even if his allegations are true, there is no evidence from which to infer that Defendants acted in concert. *See Spadafore*, 330 F.3d at 854 (holding that arrestee could not establish § 1983 civil conspiracy claim absent evidence that defendants acted in concert to violate arrestee's constitutional rights). Plaintiff's vague and conclusory allegations of a conspiracy are insufficient to state a claim for relief under *Bivens* and may not be used as a basis for liability against Defendants.

## IV. CONCLUSION

For the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e).[4] The court certifies that an appeal from this decision cannot be taken in good faith.[5]

**IT IS SO ORDERED**.

Dated: March 29, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] Plaintiff's motion to compel the government to answer the complaint or for default judgment (Doc. 9) is denied as MOOT.

[5] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."